IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PHYLLIS M. KNIGHT, next friend of Cotrell T. Knight;<br><br>                  Petitioner,<br><br>vs.<br><br>MICHAEL MYERS,<br><br>                  Respondent. | **8:25CV483**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court for initial review of a habeas corpus petition under 28 U.S.C. § 2241 filed by Phyllis M. Knight ("Petitioner") as next friend and on behalf of her son, Cotrell T. Knight ("Knight"), on July 31, 2025. Filing No. 1. The Court conducts this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the Court to apply Rule 4 of those rules to a section 2241 action. For the reasons discussed below, the Court will dismiss the petition without prejudice.

      Liberally construed, the petition alleges Knight was unlawfully "captured" on October 18, 2024, by the Wichita Police Department in Kansas based on a "writ of assistance" in which the Omaha Police Department ("OPD") was named as the victim. Filing No. 1 at 6. Sedgwick County, Kansas, officials then allegedly forged an "extradition waiver" for Knight, and two OPD officers transported Knight to the Douglas County Department of Corrections ("DCDC") on October 30, 2024. *Id*. at 6, 11–12. The petition contains mainly legal conclusions but appears to generally challenge Knight's initial arrest in Kansas, extradition to Nebraska, and pretrial detention. Only Petitioner signed the petition as the "real party in interest." *Id*. at 8 (capitalization altered).

Petitioner references case number CR24-16856 in the County Court of Douglas County, Nebraska, and case number CR24-5524 in the District Court of Douglas County, Nebraska, in her petition and the attachments thereto as the decision being challenged. See Id. at 2, 23. The Court takes judicial notice of the Petitioner's state court records which show that a complaint was filed on October 2, 2024, in CR24-16856 charging Petitioner with kidnapping, a Class IA felony, and a warrant was issued for his arrest and served on Petitioner on October 30, 2024. Petitioner was appointed counsel, a preliminary hearing was held on December 2, 2024, and the Douglas County Court determined there was probable cause for Petitioner's detention and bound the matter over to the state district court under case number CR24-5524. On July 30, 2025, the State was granted leave to file an amended information charging Knight with attempt of a Class 3 or 3A Felony; Knight was arraigned; he entered a plea of no contest to the amended charge; and the state district court sentenced him to 364 days in the DCDC with credit for 283 days served.[1] Even assuming Knight had to serve all 364 days, his sentence would expire on or about October 19, 2025. The DCDC's online public inmate records indicate that Knight is no longer in custody there.[2]

Upon review, the Court concludes the petition must be dismissed because Petitioner cannot maintain the present habeas action on her son's behalf and because any challenge to Knight's pretrial detention is now moot.

---

[1] The Court takes judicial notice of the state court records in State v. Cotrell T. Knight, CR24-16856, County Court of Douglas County, Nebraska, and State v. Cotrell T. Knight, CR24-5524, District Court of Douglas County, Nebraska. See Stutzka v. McCarville, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi. Relevant state court records are attached to this Memorandum and Order.

[2] See https://corrections.dccorr.com/inmate-locator (last viewed Oct. 29, 2025) (no search results for Cotrell Knight).

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242; *see also* Rule 2(c)(5) of the *Rules Governing § 2254 Cases in the United States District Courts* ("The petition must . . . be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner . . . ."). Petitioner may pursue this habeas corpus action on behalf of Knight if she can establish standing to proceed as his "next friend." To establish standing as a "next friend," the party purporting to act for the detained individual must show (at least) the following two things:

1. The real party cannot access the courts, the real party is mentally incompetent, or the real party has some other disability, and the real party cannot therefore bring the action himself.

2. The party purporting to act for the real party is dedicated to the best interests of the real party.

*Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). "The burden is on the 'next friend' clearly to establish the propriety of [her] status and thereby justify the jurisdiction of the court." *Id*. at 164.

Petitioner has not established that the factors for "next friend" standing exist in the present case. Knight is not a minor and nothing Petitioner alleges in the petition suggests Knight is incapable of pursuing federal habeas relief on his own behalf if he wishes to do so.

Lack of standing aside, Knight's state court records show that the petition was filed after he was convicted and he is now no longer in custody. As the Eighth Circuit

Court of Appeals has explained,

> "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." Haden v. Pelofsky, 212 F.3d 466, 469 (8th Cir.2000); see U.S. Const. art. III, § 2, cl. 1. "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." Id. (quoting Beck v. Mo. State High Sch. Activities Ass'n, 18 F.3d 604, 605 (8th Cir.1994) (alteration in original)); see also Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (stating an action becomes moot where it "no longer present[s] a case or controversy under Article III"). If an issue is moot in the Article III sense, we have no discretion and must dismiss the action for lack of jurisdiction. See Powell v. McCormack, 395 U.S. 486, 496 n.7, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

Ali v. Cangemi, 419 F.3d 722, 723–24 (8th Cir. 2005).

Because Knight was convicted prior to the petition being filed, any challenge to his pretrial detention is moot. See Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015) ("Once Mr. Jackson was convicted, the claims concerning his pre-trial confinement became moot."); Williams v. Slater, 317 Fed.Appx. 723, 724–25 (10th Cir. 2008); Yohey v. Collins, 985 F.2d 222, 228–29 (5th Cir. 1993) ("[C]laims for federal habeas relief for pretrial issues are mooted by Yohey's subsequent conviction."); Thorne v. Warden, Brooklyn House of Detention for Men, 479 F.2d 297, 299 (2d Cir. 1973); Medina v. California, 429 F.2d 1392, 1393 (9th Cir. 1970). Moreover, the case is moot because Knight was released from the DCDC and is no longer in custody pursuant to the criminal action challenged in the petition. See McGill v. Mukasey, No. 8:08CV345, 2009 WL 277556, at *1 (D. Neb. Feb. 5, 2009) (finding habeas petition moot where petitioner was released from custody, there was no continuing injury traceable to the respondents, and court could not issue any decision which would further the relief sought by the petitioner).

Finally, because "the detention complained of arises from process issued by a state court," Petitioner must obtain a certificate of appealability. See 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); see also *Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court has applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus, Filing No. 1, is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. The Court will enter judgment by separate document.

Dated this 30th day of October, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CR240005524
Transaction ID: 0023629892
Filing Date: 10/29/2025 03:37:27 PM CDT

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| THE STATE OF NEBRASKA, | CASE NO. CR 24-5524 |
| Plaintiff, | |
| vs. | PLEA AND SENTENCING ORDER |
| COTRELL KNIGHT, | |
| Defendant. | |

This matter comes before the Court on the 30th day of July, 2025. The Defendant appeared with counsel, Terri Crawford and Amy Jacobsen-Deputy County Attorney, appeared for the State. The State was granted leave to file an Amended Information; Defendant arraigned. **Defendant voluntarily, knowingly and intelligently entered a plea of** _No Contest_ **to Count 1, Attempt of a Class 3 or 3A Felony, A Class 4 Felony.** Defendant was thereupon adjudged by the Court to be guilty as charged. Pre-sentence investigation is waived.

The Defendant was informed of his conviction for the crime of Count 1. Defendant stated no reason why sentence should not be passed against him. Thereupon, it is the judgment and sentence of the Court that the Defendant be placed at the Douglas County Correctional Center for a period of **THREE HUNDRED AND SIXTY FOUR (364) Days.** No part of this sentence shall be in solitary confinement, and judgment is rendered against the Defendant for the costs of prosecution. The Court finds the Defendant is entitled to **TWO HUNDRED AND EIGHTY THREE (283) days** of credit for time served against the aggregate of all terms imposed in case number **CR 24-5524.**

IT IS FURTHER ORDERED, after completion of the sentence and upon petition to the sentencing court, the Defendant may be eligible to have this conviction set aside as provided in Neb. Rev. Stat. § 29-2264. In addition, the Defendant's name, assigned probation officer and conditions of probation shall be provided to the Nebraska Commission on Law Enforcement.

**IT IS SO ORDERED**.
Bond, if any, is released and exonerated.

**DATED this 30TH day of July, 2025.**

BY THE COURT:

_LeAnne M. Srb_ (signature)
LeAnne M. Srb
District Court Judge

Last visited Oct. 29, 2025

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on July 31, 2025     , I served a copy of the foregoing document upon the following persons at the addresses given, by mailing by United States Mail, postage prepaid, or via E-mail:

Terri L Crawford  
tcrawford@byndonlaw.com

Amy G Jacobsen  
amy.jacobsen@douglascounty-ne.gov

Date:  July 31, 2025          BY THE COURT: *Crystal Rhoades*  
                                            CLERK

Last visited Oct. 29, 2025